United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Consulate General Antonio El and others, Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 19- 23945-Civ-Scola ) |
| Department of Children and Family Service and others, Defendants. | ) ) ) |

### **Order Dismissing Case**

    Plaintiffs Consulate General Antonio El has applied to proceed in the district court without prepaying any fees or costs. (Pl.'s Mot., ECF No. 3.) It appears Antonio El seeks to proceed on behalf of Plaintiffs Amirah El, and Ali Bey as well. Because El has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Under the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds El's complaint (ECF No. 1) fails to state a claim on which relief may be granted, is frivolous, and must be dismissed.

    Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

    Here, El purports to petition the Court for habeas corpus relief under 28 U.S.C. § 2241. He submits he is being held on orders by a "501(c)3 non profit organization/corporation" and that he was sentenced by the Superior Court of California. (Compl. at ¶¶ 3–4.) In the section of the form petition he filled out that asks him to describe the decision or action he is challenging, El says he "Demands Proof of Valid Claim of Alleged Charges and to show valid proof of probable cause" and demands that the Defendants "Provide Valid Proof of Claim on behalf of both children damages." (*Id.* at ¶¶ 5–6.) He lists four grounds in support of his claim: (1) "Violation of Unalienable Secured 4th Amendment

Constitutional Rights of 1791 (Republic) Consulate General El's consort and children was violated without voluntary consent Given"; (2) "Violation of Treaty of Peace and Friendship"; (3) "Conspiracy and Fraudulent Transactions"; and (4) "Violation of Sworn Oath and Duty To Uphold The United States of America Constitution 1791 (Republic)." (*Id.* at ¶ 13.) The only facts El relays are that California "agents have given a false statement/report accusing Consulate General El of a[n] alleged crime of assault under color of law. Video evidence obtained by defendants proves and shows the complaining agents fraudulent report to be false due to the agent never falling or ever being struck with a car door." (*Id.*) The relief El seeks is "A Common Law Remedy and to Remove All Claims Under Color Of Law. Also Immediate Release Of Consulate General El's Children[ and] to set aside and suppress all information." (*Id.* at ¶15.)

Much of El's presentation is unintelligible. And certainly his claims as alleged do not in any way arise under § 2241. *See, e.g., Bryant v. Warden, FCC Coleman-Medium,* 738 F.3d 1253, 1288 (11th Cir. 2013), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.,* 851 F.3d 1076 (11th Cir. 2017) ("[Section] 2241 habeas petitions . . . are generally reserved for challenges to execution of a sentence or the nature of confinement, not the validity of the sentence itself or the *fact* of confinement.") And even if his claims did have anything to do with § 2241, such a petition "must be filed in the incarceration district." *Id.* Further, not only has El failed to set forth the basis for the Court's jurisdiction, he affirmatively maintains that, in fact, the "U.S. District [C]ourt does *not* have jurisdiction." (Compl. at ¶ 9 (emphasis added).) El has also not explained what Defendants Department of Children and Family Service, Superior Court of California, and Julie Fox Blackshaw have to do with his grievances.

In short, El's complaint fails to meet the standard for plausibility articulated in *Iqbal* and *Twombly*. It does not include sufficient factual matter, accepted as true, that would allow the Court to reasonably infer what his claims for relief against the Defendants may be. *See Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Even under the relaxed pleading standard afforded to pro se litigants, El's pro se complaint fails to state a claim for which relief may be granted. *See Abele v. Tolbert,* 130 F. App'x 342, 343 (11th Cir. 2005).

The screening provisions of 28 U.S.C. § 1915 also authorize courts to dismiss claims "at any time if the court determines [the action] is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(1). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.,* 898 F.2d 126, 129 (11th Cir.

1990)). "Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "The frivolousness determination is a discretionary one." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The mishmash of claims, vague assertions, and unrelated allegations set forth here amount to a frivolous complaint.

Accordingly, the Court **denies** El's motion to proceed *in forma pauperis* (**ECF No. 3**), and, under § 1915, **dismisses** his complaint without prejudice (ECF No. 1). The Clerk is directed to **close** this case, and any pending motions are **denied** as moot.

The Court directs the Clerk to **mail** a copy of this order to the Plaintiff at the address indicated below.

**Done and ordered** at Miami, Florida, on September 25, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to:*
**Consulate General Antonio El**
2226 MacArthur Boulevard
Near Oakland Corporation, CA 94605